RAFAEL GARCÍA SORIANO, Plaintiff and Appellant, v. HEIRS OF HARRY A. McCORMICK ET AL., Defendants and Appellees.

No. 5288. Argued February 13, 1931.—Decided March 11, 1931.

R. H. Blondet for appellant.   Carlos J. Torres and T. Bernardini de la Huerta for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a suit presented by Rafael García Soriano against the Succession of Harry A. McCormick, naming in the complaint the persons who compose the said estate, and also against the executors of said Harry A. McCormick. After a trial, the cause of action was held not to be good, and the plaintiff appealed. The appellees, executors of McCormick, move to dismiss the appeal on two grounds. The first ground is that the brief fails to comply with the rules of this court, and the particular matters relied on are its failure to present a brief statement of the case and the insufficiency of the assignment of errors.

An examination of the brief discloses that it does not contain a short statement of the case, but begins with the assignment of errors. One of the objects of such statement of the case is that the reviewing court, upon arriving at the assignment of errors, may know on what facts or bases the errors are so assigned. For this purpose we have frequently said that copying the pleadings or restating them is not the way to make a statement of the case, but not even so much was attempted in the present appeal.

When we come to the assignments of error, they are likewise inadequate. The first assignment merely says that the court erred in deciding the case against the plaintiff. The second assignment of error attempts to be a little more specific, but finally only says that the court erred in dismissing the complaint, inasmuch as all the legacies had been paid and the pendency of an action of filiation could not affect the complainant-appellant in this case. Possibly if

there had been a statement of the case this vague assignment of errors might have been understandable, but no reviewing court, after reading the assignments of error, would have any idea of the matters truly involved. Likewise, the fact that all the legacies had been paid would not necessarily show that the court had erred in refusing to order the payment of this supposed particular legacy. The brief fails to comply with sections 42 and 43 of the Rules of this Court.

At the hearing the appellant said that he would amend his brief if the court would so desire, or words to such effect. The duty of the court, however, is not to make a choice in the matter, but it devolves upon the plaintiff-appellant himself to choose the course he will pursue. Under the situation as actually presented to us, the appeal will have to be dismissed on the first ground alone.

We are not without some doubts, but we think the appeal also must be dismissed for a lack of a notice of appeal to the necessary parties. In his complaint the plaintiff says that the heirs had notice of the presentation of the complaint, and that the plaintiff could rely upon the approval of all the heirs save Dolores Alcaide y Baiz, who was both an heir and an executor. In his brief the appellant now says that this was an unnecessary averment and that the approval of the heirs was not necessary and the executors could pay the legacy without such approval.

A great part of the trial in this case was conducted on the theory that the approval of the heirs was necessary, and the opinion of the court discusses this matter to a considerable extent. Section 876 of the Civil Code would seem to have some bearing. We should have some question whether this is not now changing the trial court's theory, inasmuch as the parties had joined issue on the question of such approval. We should not, however, be too strongly inclined to insist upon this if we were otherwise convinced of the merits of the appeal.

900

The heirs, or some of them, were made parties. The record does not disclose that any of them was ever summoned. Nevertheless, until convinced to the contrary we think that the heirs have a real interest in opposing the reversal of a judgment which refuses to order the payment of a legacy, especially where they were actually made parties in the suit. For the moment at least, the estate left by McCormick remains unreduced by the order of any payment to the plaintiff in this case. Furthermore as the case was presented by the complaint making the heirs parties and its subsequent development by a refusal to entertain the claim, we feel bound to hold that the notice of appeal should also have been directed to the other defendants in the case, and the motion to dismiss should also prevail on this ground.

The appeal will be dismissed.

MR. CHIEF JUSTICE DEL TORO, dissenting.

My dissent is not based on any view that I might entertain that the brief of the appellant conforms to the Rules of this court or that the party who was not notified of the appeal is not a necessary party. On the contrary, I entirely agree that the brief is defective and that perhaps there has been a failure to notify a really necessary party. But in spite of this it is my opinion that the appeal should not be dismissed for the present. As has been done on other occasions, the appellant in the present case should be given an opportunity to correct the defects in his brief, and the determination of the question as to the lack of notice should be postponed until the appeal is considered on its merits, because it could then be decided with more certainty whether the appellees are right in their contention that there had been a failure to notify a necessary party or whether the appellant is right in claiming that the party that was not served is not a necessary party to the suit.